"WRIGHT, J.,
delivered the opinion of the Court.
The complainant, Lillard, as the administrator of Sum-merhill, and the defendant, Porter, are attachment creditors of the Central Bank of Tennessee — a corporation created under the laws of this State.
A fund belonging to said Bank was attached and placed in the hands of a receiver in the cause.
The only question made here is as to the priority of these two creditors in this fund. The Chancellor decreed in favor of complainant, and we think properly, and affirm his decree.
The hill of Porter was filed, and his attachment levied before that of Summerhill. But he failed to make the Bank, his only debtor, a party. His bill was filed, alone, against Edward Belknap, E. R. Tremain and Samuel L. Haven — the stockholders and owners of said Bank — treating them as his debtors.
It was not until more than eleven months afterwards that, under an order of the Chancery Court, he filed an amended bill, making the Bank a party.
In the meantime, and within two days after the.filing of Porter’s original bill, Summerhill had, by a bill with the proper parties, legally attached the same fund.
We hold it to be too clear for argument, that Porter, by virtue of his attachment, acquired no lien upon the assets of this corporation, until he made it a party by the amendment to his bill. The stockholders were *179 totally distinct persons from .the corporation, and legal proceedings against them, could, in no way, reach it, or attach upon any of its assets.*
It is difficult to perceive .what authority an officer could have under a writ in -such a case. How could he lawfully seize or attach the property or assets of the Bank ? Angelí & Ames on Corporations, sections 643, 665, 666, 667, 674, 675, 676. Fay v. Reager, Exr., et al., 2 Sneed, 200, 203.
The amendment of Porter’s hill cannot he made to relate so as to prejudice or overreach the lien previously acquired hy Summerhill under his attachment. 2 Sneed, 492, 203.
It is also insisted by Porter’s counsel, that there never was any such corporation as the Central Bank of Tennessee, 'and that Belknap, Tremain & Haven, merely took upon themselves that name under which to carry on their banking business — without any charter or act of incorporation — and that they are liable to him as partners;. and, therefore, his attachment was properly sued out and levied, and entitled him to the prior lien.
This position has nothing in it; because, in the first place, the bill filed hy Summerhill, and Porter’s answer thereto, and his amended bill, admit the existence of *180 the Central Bank of Tennessee as a corporation. An-gell”& Ames, sec. 635.
And we also find that this corporation was created by the 68th section of the act of 1854, chapter 294, under the corporate style of the “ Eastern Division Mining Company,” with hanking powers, and the privilege of changing its name and title, whenever it deemed it necessary. And we have in this record, from the pleadings of the parties, sufficient evidence to warrant the conclusion that it did change its name, and do business under the corporate title of the Central Bank of Tennessee. 3 Sneed, 631-2.
Decree affirmed.

 The lien of an attachment takes effect from, the time of the levy, and not from the time of its issuance. 1 S. & M., ch. 449; Harvey & New v. Champion, 11 Hum., 569; Snell & McGavock v. Allen, 1 Swan, 208; Wallace v. Hanley, 4 J. J. Marsh., 622; Martin v. Dryden, 1 Gilm., 187. It would seem, therefore, that if an amended hill is filed making a new party, and seeking to subject his property to the payment of a debt, an attachment must be prayed for in said amended bill, in order to acquire a lien on the property. The issuance and levy of an attachment, on the original bill, upon the property of a person not a party to said bill, would create no lien, although the bill is, subsequently, amended, and said party brought before the court.